UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| GEOFFREY DEMOND REESE, | ) | |
|---|---|---|
| Petitioner, | ) ) ) | |
| v. | ) ) ) ) | 1:14-cv-00344-GZS |
| STATE OF MAINE, | ) ) ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION
AND MOTION FOR ORDER OF RELEASE**

In this action, Petitioner Geoffrey Demond Reese seeks relief, pursuant to 28 U.S.C. § 2254, from a state court conviction for elevated aggravated assault, aggravated assault, and illegal possession of a firearm. (Petition, ECF No. 1.) The state court sentenced Petitioner to 29 years in prison. *State v. Reese*, 2010 ME 30, ¶ 1, 991 A.2d 806. Petitioner has also filed a motion for an order releasing him pending the decision on his section 2254 petition. (Motion, ECF No. 6.)

As the bases for his request for relief, Petitioner argues: (1) that he was wrongfully convicted based on evidence admitted in violation of his Fourth and Fifth Amendment rights, and as the result of evidentiary errors and a jury instruction error; (2) that his sentence of 29 years is excessive; (3) that trial counsel provided ineffective assistance in several ways, including by failing to investigate the evidence and cross-examine witnesses adequately, and by coercing Petitioner into testifying; and (4) that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963).

The State has moved for dismissal citing the timeliness of the petition. After a review of the petition and the record, and after consideration of the parties' arguments, the recommendation is that the Court grant the State's request, and dismiss the petition. The recommendation is also

that the Court dismiss as moot Petitioner's motion for an order to release him pending decision on his section 2254 petition.

## I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner was charged, by indictment filed in May 2008 in the York County Superior Court, with attempted murder (Class A), 17-A M.R.S. § 201(1)(A); elevated aggravated assault (Class A), 17-A M.R.S. § 208-B(1)(A); aggravated assault (Class B), 17-A M.R.S. § 208(1)(B); and illegal possession of a firearm (Class C), 15 M.R.S. §393(1)(A-1). *State v. Reese*, No. ALFSC-CR-2008-01157 (Me. Super. Ct., Yor. Cnty., May 7, 2008). (State Court Record ("Record"), ECF No. 4-1 at 3.) The charge of attempted murder was dismissed before trial, and Petitioner agreed to a jury-waived trial of the possession-of-firearm charge. (Record at 11.)

After an eight-day trial, a jury found Petitioner guilty of the charges of elevated aggravated assault and aggravated assault, and the court found him guilty of the possession-of-firearm offense. (Record at 11-14.) *Reese*, 2010 ME 30, ¶ 1. The court sentenced Petitioner to a term of 29 years in prison on the elevated aggravated assault charge. (Record at 14.) *Reese*, 2010 ME 30, ¶ 1. The court also sentenced him to a term of 10 years in prison on the aggravated assault charge and to a term of five years in prison on the possession charge, with both sentences to be served concurrent to the 29-year sentence. (Record at 15.)

The Law Court affirmed both the convictions and the sentences. *Reese*, 2010 ME 30, ¶ 35. The Supreme Court denied Petitioner's petition for a writ of certiorari on October 4, 2010. (Record at 27.) *Reese v. Maine*, 131 S. Ct. 326 (2010).

Petitioner filed a pro se petition for post-conviction review on January 21, 2011, in the York County Superior Court. *Reese v. State*, No. ALFSC-CR-2011-00144 (Me. Super. Ct., Yor.

Cnty., Jan. 21, 2011) (Supplemental State Court Record ("Supp. Record"), ECF No. 7-1 at 2.)[1] That petition was summarily dismissed by order entered on March 11, 2011. (*Id.*) The appeal period expired 21 days later, on Friday, April 1, 2011, as Petitioner did not seek a discretionary appeal. (Reply, ECF No. 5 at 2, 4; Supp. Record at 2.)

Petitioner filed another pro se petition for post-conviction review on June 14, 2011, in the York County Superior Court. *Reese v. State*, No. ALFSC-CR-2011-01216 (Me. Super. Ct., Yor. Cnty., June 14, 2011). (Record at 28.) The court held an evidentiary hearing in June 2012, and on August 28, 2012, the court entered an order denying the post-conviction petition. (Record at 32.) Petitioner filed a notice of discretionary appeal in September 2012. (Record at 32.) The appeal was dismissed in June 2013 for want of prosecution, based on Petitioner's failure to file a memorandum in support of his request for a certificate of probable cause or a motion to enlarge the time in which to file a memorandum. (*Id.* at 32, 35.)[2]

In August 2013, the Law Court appointed new counsel and ordered the reinstatement of the discretionary appeal. (*Id.* at 32-33, 36.) On December 10, 2013, the Law Court entered an order denying Petitioner's request for a certificate of probable cause to appeal the post-conviction

---

[1] Petitioner alleges in his reply that he filed his first state court petition on January 20, 2011. (Reply, ECF No. 5 at 2.) Attached to Petitioner's reply is a copy of that petition, which has a date stamp of January 20, 2011. (State Court Petition, ECF No. 5-1 at 1.) The docket sheet reflects that the petition was filed on January 21, 2011. (Supplemental State Court Record ("Supp. Record"), ECF No. 7-1 at 2.) As explained below, to the extent there is any factual dispute over this date, that dispute need not be resolved.

[2] Petitioner filed a grievance complaint against post-conviction counsel in August 2013 and has attached to his reply a copy of an order of suspension of Petitioner's post-conviction counsel. (Order of Suspension, ECF No. 5-2 at 5.) Although the Court's order of suspension refers to Petitioner's claim that the attorney failed to prosecute his criminal appeal, the order was directed to and disciplined post-conviction counsel. (*Id.* at 5; State Court Record ("Record") at 32.) The Supreme Judicial Court concluded that the attorney violated various rules of professional conduct pertaining to the scope of representation, diligence, communication, and other misconduct. (*Id.*) The order states that the attorney agreed at the January 6, 2014, disciplinary hearing to return his client file to Petitioner. (Order of Suspension at 5.) Petitioner alleges in his reply that he did not receive the case file until April 26, 2014. (Reply, ECF No. 5 at 3.)

decision. (Record at 36.) On December 23, 2013, Petitioner moved for reconsideration by the Law Court; on January 10, 2014, the Law Court denied the motion. (Record at 36-37.)

Petitioner asserts that he placed the pending section 2254 petition in the prison mailing system on August 25, 2014. (Petition at 15.) On August 28, 2014, the petition was filed on the docket in this court. (*Id.* at 1.)

## II. DISCUSSION

### A. General Rules Regarding Timeliness

A petitioner in custody pursuant to a state court judgment has one year within which to apply for a writ of habeas corpus in federal court. *See* 28 U.S.C. § 2244(d)(1).[3] In this case, the limitation period ran from the date on which the judgment became final. *See id.* § 2244(d)(1)(A). A conviction is final when the "availability of direct appeal to the state courts and to [the United States Supreme Court] has been exhausted." *Jimenez v. Quarterman,* 555 U.S. 113, 119 (2009) (citations and quotation marks omitted).

---

[3] Title 28 U.S.C. § 2244(d) states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application or State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.

4

The one-year limitation period under section 2242(d)(1) is tolled, *i.e.*, suspended, while a "properly filed" post-conviction review or other collateral review is "pending". 28 U.S.C. § 2244(d)(2). Because the State does not allege that either of Petitioner's two state court post-conviction matters was not properly filed, this recommended decision focuses solely on when those petitions were pending, for purposes of determining the tolling period. The First Circuit has held that a state court post-conviction matter is pending from the date on which the petition is filed until the date of its final disposition, including any appeal period. *Drew v. MacEachern*, 620 F.3d 16, 21 (1st Cir. 2010). The time during which an application is pending includes "the interval between a lower court's entry of judgment and the filing of an appeal with a higher state court." *Id.* at 20.

The Supreme Court has recognized that section 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida,* 560 U.S. 631, 645 (2010). The Court has established a two-prong test for equitable tolling that requires a petitioner to show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace*, 544 U.S. at 418).

**B. Application of the Rules to the Petition**

The section 2254(d)(1)(A) limitation period began to run on October 4, 2010, which was the day on which the Supreme Court denied certiorari. *See id.* at 635 ("And on that date−the date that our denial of the petition ended further direct review of [petitioner's] conviction−the 1-year [28 U.S.C. § 2244(d)(1)(A)] limitations clock began to run.").[4] The limitation period stopped

---

[4] Rule 6(a)(1)(A) of the Federal Rules of Civil Procedure provides that unless a statute provides a specific method of computing time, "the day of the event that triggers the period" of time to be computed is excluded from the computation of the period. *See* Rule 12, Rules Governing Section 2254 Cases ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). In *Holland v. Florida,* 560 U.S. 631, 635-36 (2010), the Supreme Court determined that under section 2244(d)(1)(A), the triggering date, *i.e.*, the date on which the decision is final, is included in the computation of the one-year limitation period.

running, and the first tolling period began to run, on January 21, 2011, when, according to the docket sheet in the state court record, Petitioner filed his first post-conviction. The period from and including October 4, 2010, to and including January 20, 2011, comprised 109 days of the one-year limitation period set forth in section 2244(d)(1)(A).

The limitation period was tolled from and including January 21, 2011, which was the date on which Petitioner filed his first state court petition, to and including April 1, 2011, which was the date on which the 21-day state court appeal period expired following the state court's March 11, 2011, summary dismissal of that petition. The limitation period began to run again on April 2, 2011, and stopped on June 14, 2011, which was the date on which Petitioner filed his second post-conviction petition. The period from and including April 2, 2011, to and including June 13, 2011, comprised an additional 73 days of the one-year limitation period. As of June 14, 2011, therefore, a total of 182 days (109 + 73 = 182) of the 365-day limitation period had expired, and 183 days of the limitation period remained.

The parties agree that the period from and including June 14, 2011, to and including January 10, 2014, is tolled because the second post-conviction petition was pending during that period.[5] On January 11, 2014, the limitation period started to run again, and it expired on Monday,

---

[5] The parties agree that the period during which Petitioner's second state court post-conviction matter was pending includes the period from the Law Court's June 2013 dismissal of Petitioner's application for discretionary review to the Law Court's reinstatement of the application in August 2013. (Response, ECF No. 4 at 4; Reply at 4-5.) Arguably, the petition was not pending during that time. *See Drew v. MacEachern*, 620 F.3d 16, 22 & n.3 (1st Cir. 2010) (holding that the dismissal of an initial petition for want of prosecution "terminated the proceeding, and the petition ceased to be pending"). Similarly, the parties do not dispute that Petitioner's December 2013 motion to reconsider the denial of his state court post-conviction petition tolled the limitation period. *See Davis v. Barrow*, 540 F.3d 1323, 1323-24 (11th Cir. 2008) (holding that a motion to reconsider did not toll the section 2244(d) limitation period because it "did not raise any legal arguments or otherwise attack the legality of" petitioner's sentence). Conceivably, therefore, as of January 2014, Petitioner had significantly less than 183 days remaining on the limitations period.

July 14, 2014.[6] Petitioner placed the petition into the prison mailing system on August 25, 2014, which was six weeks after the section 2244 period of limitation expired. (Petition at 15.)[7]

Petitioner argues that his section 2254 petition should be considered as timely filed based on the doctrine of equitable tolling. (Reply at 5.) Specifically, Petitioner alleges that he did not know about federal habeas relief and the filing deadlines until February 2014, and that he did not have access to documents in his post-conviction counsel's case file until April 26, 2014, due to counsel's failure to send him the case file on a timely basis. (Reply at 3; Affidavit, ECF No. 5-4 at 1-2.) Petitioner's equitable tolling argument is unpersuasive. Petitioner acknowledges that he was aware of the potential for federal habeas relief approximately 5 months before the filing deadline, and was in possession of the post-conviction file approximately 3 months before the deadline. Assuming, *arguendo*, that the post-conviction file was essential to Petitioner's ability to file the federal habeas petition, Petitioner had sufficient time within which to assert a claim. Petitioner, therefore, has not and cannot establish that he pursued his rights diligently or that his circumstances are extraordinary. *See Holland*, 560 U.S. at 645. Accordingly, the doctrine of equitable tolling is inapplicable in this case.

### III. CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases. The recommendation is that the Court dismiss Petitioner's motion for habeas relief under 28 U.S.C. section 2254 and deny a certificate of

---

[6] Monday, July 14, 2014, was the next business day following the expiration of the 183-day remaining period, which expired on Sunday, July 13, 2014. *See* Fed. R. Civ. P. 6(a)(1)(C); Rule 12, Rules Governing Section 2254 Cases. The section 2244(d) limitation period is not tolled during the pendency of a petition for a writ of certiorari from a judgment. *See Holland*, 560 U.S. at 640; *Coates v. Byrd*, 211 F.3d 1225, 1227 (11th Cir. 2000).

[7] Because Petitioner's second section 2254 petition was filed several weeks after the expiration of the one-year limitation period provided under section 2244(d)(1)(A), the Court need not resolve any factual issue about whether his first petition was filed on January 20, 2011, or January 21, 2011.

7

appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2). The recommendation is also that the Court dismiss as moot Petitioner's motion for an order releasing him pending the decision on his section 2254 motion.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 10th day of December, 2014.